NO.
12-05-00188-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DANNY RAY SESSION,      §                      APPEAL FROM THE SECOND

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Danny Ray
Session appeals his conviction for delivery of a controlled substance, for
which he was sentenced to imprisonment for twenty years.  Appellant raises four issues on appeal.  We affirm.

            

Background

            Appellant
was charged by indictment with delivery of a controlled substance and pleaded “not
guilty.”  The matter proceeded to jury
trial.  On February 22, 2005, prior to
conducting voir dire, Appellant’s appointed counsel informed the court that
Appellant had expressed a desire to retain new counsel.  Appellant informed the court that he had not
yet retained his new attorney, but had spoken to him, and that his family was
going to hire the attorney either that day or the next day.  Thereafter, Appellant’s appointed counsel
made an oral motion for continuance on Appellant’s behalf so that Appellant
could retain counsel of his choice.  The
State opposed Appellant’s oral motion arguing that it had brought in testifying
witnesses from outside the county and would be prejudiced by the delay.  The trial court acknowledged that it was
advised nearly one week prior to the trial date that Appellant’s family was
trying to hire the attorney in question. 
Appellant added that his family had planned to meet with the attorney
the previous day, but that the attorney had a trial in Smith County.  Noting that Appellant had his current
attorney appointed one year and five months previously and had waited until the
day of trial to seek a continuance, the trial court overruled Appellant’s
motion,[1]
and trial proceeded.  

            Ultimately,
the jury found Appellant guilty as charged. 
Following a trial on punishment, the jury assessed Appellant’s
punishment at imprisonment for twenty years. 
The trial court sentenced Appellant accordingly.  This appeal followed.

 

Denial of
Motion for Continuance to Retain Counsel of Choice

            In
his first and second issues, Appellant argues that the trial court erred in
overruling his motion for continuance to retain counsel of his choice.  The State first argues that Appellant waived
the issue by making an oral motion for continuance in violation of Texas Code
of Criminal Procedure, articles 29.03 and 29.08.  We disagree.

Structural Error

            Generally,
a defendant’s failure to properly object to an alleged error waives any
complaint on appeal.  See Tex. R. App. P. 33.1(a), (b).  However, some error is of such a magnitude as
to constitute a “structural defect affecting the framework within which trial
proceeds.”  See Rey v. State,
897 S.W.2d 333, 344-45 (Tex. Crim. App. 1995). 
Structural error occurs only when the error strips a defendant of basic
protections without which a criminal trial cannot reliably determine guilt or
innocence.  Id. at
345.  A trial court’s erroneous
deprivation of a defendant’s right to counsel of his choice, which has
consequences that are necessarily unquantifiable and indeterminate, “unquestionably
qualifies as structural error.”  United
States v. Gonzales-Lopez, __U.S.__, 126 S. Ct. 2557, 2564, 165 L. Ed.
2d 409, 419 (2006).  The right to a
reasonable opportunity to select and be represented by chosen counsel is but
one variation on the right to counsel theme of the due process clause.  See Gandy v. Alabama, 569 F.2d
1318, 1323 (5th Cir. 1978) (The right to counsel theme of the due process
clause has at least four important variations: 
the right to have counsel, the right to a minimal quality of counsel,
the right to a reasonable opportunity to select and be represented by chosen
counsel, and the right to a preparation period sufficient to assure at least a
minimal quality of counsel.).  Inasmuch
as the right to reasonable opportunity to select and choose counsel is a
closely related variation of the right to be represented by chosen counsel, it
follows that improper denial of a reasonable opportunity to select chosen
counsel also qualifies as structural error. 
As such, we may consider the issue despite the fact that Appellant’s
motion for continuance was oral.  See,
e.g., Brown v. State, 630 S.W.2d 876, 880 (Tex. App.–Fort Worth
1982, no pet.) (court considered issue regarding deprivation of right to
counsel of choice where the appellant made only an oral motion for continuance
to retain counsel).

Propriety of Denial of Continuance to
Retain Chosen Counsel

            The
right to counsel of one’s choice is not absolute, and may under some
circumstances be forced to bow to the general interest in the prompt and
efficient administration of justice.  Greene v.
State, 124 S.W.3d 789, 793 (Tex. App.–Houston [1st Dist.] 2003, pet.
ref’d).  We review the trial court’s
denial of a motion for continuance to retain chosen counsel for abuse of
discretion.  Id.  In deciding whether to grant a continuance
because of the absence of the defendant's choice of counsel, the trial court
should weigh the following factors: (1) the length of delay requested; (2)
whether other continuances were requested and whether they were denied or
granted; (3) the length of time in which the accused's counsel had to prepare for
trial; (4) whether another competent attorney was prepared to try the case; (5)
the balanced convenience or inconvenience to the witnesses, the opposing
counsel, and the trial court; (6) whether the delay is for legitimate or
contrived reasons; (7) whether the case was complex or simple; (8) whether the
denial of the motion resulted in some identifiable harm to the defendant; and
(9) the quality of legal representation actually provided.  Id. at 793-94.

            Considering
the aforementioned factors in light of the facts of the instant case, we make
the following observations:  (1)
Appellant’s motion for continuance did not specify the length of the delay
requested; (2) the record does not indicate that Appellant had previously asked
the trial court for a continuance; (3) the record further reflects that (a)
Appellant’s appointed counsel represented Appellant on other matters prior to
Appellant’s being charged in the instant case; (b) despite the fact that
Appellant’s appointed counsel was not technically appointed to represent
Appellant in the instant matter, he sent Appellant a letter advising him that
he had been appointed counsel for Appellant on November 23, 2004; and (c)
Appellant’s appointed counsel had represented Appellant in pretrial matters
without objection on Appellant’s part; (4) Appellant did not formally take
steps to replace his appointed counsel until the morning of trial, although the
trial court noted that it had been made aware of Appellant’s desire to seek
another attorney a week before, and Appellant stated that his family had sought
unsuccessfully to meet with another attorney the day before trial; (5)
Appellant’s proposed new attorney was not yet retained and presumably, given
that he had not been retained as of the date of trial, was not familiar enough
with Appellant’s case to be prepared to try it; (6) the State was ready for
trial and objected to the continuance arguing that it had brought in testifying
witnesses from outside the county and would be prejudiced by the delay; (7) the
trial was a serious matter, but does not appear from the bare record to be
particularly complex; (8) the record does not indicate any particular prejudice
to Appellant apart from the denial of his qualified right to retain counsel of
his choice; and (9) despite Appellant’s allegations of ineffective assistance
of counsel, which are addressed herein, Appellant’s appointed counsel had
adequate time to prepare for trial and presented and cross examined witnesses
on Appellant’s behalf.

            Although
some of the factors may favor the granting of the requested continuance, under
an abuse of discretion standard, it is not our role to reweigh the factors, but
to determine whether the trial court could reasonably have balanced them and
concluded that the facts weighed more heavily in favor of fair and efficient
administration of justice than in favor of Appellant’s right to counsel of his
choice.  Id. at 794.  We conclude that the trial court could have
considered these factors and reasonably concluded that they weighed more heavily
in support of the fair administration of justice.  Thus, we hold that the trial court did not
abuse its discretion in overruling Appellant’s motion for continuance to retain
counsel of his choice.  Appellant’s first
and second issues are overruled.

Ineffective
Assistance of Counsel

            In
his third and fourth issues, Appellant argues that he received ineffective
assistance of counsel during the punishment phase of trial.  Specifically, Appellant contends that his
counsel was ineffective for the following reasons:  (1) he had admitted evidence concerning two
offenses with which Appellant was charged, but which were later dismissed; (2)
he elicited testimony from Appellant’s community supervision supervisor that
Appellant committed various violations of the terms of his supervision
beginning in 2002, but that no violation was reported to the district attorney’s
office until December 2004; and (3) he stated during jury argument that the
State’s failure to timely prosecute Appellant for the two offenses sent the
message that there would be no consequences, which amounted to an explanation
or excuse for the numerous extraneous offenses.

            Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first
step requires the appellant to demonstrate that trial counsel's representation
fell below an objective standard of reasonableness under prevailing professional
norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To
satisfy this step, the appellant must identify the acts or omissions of counsel
alleged to be ineffective assistance and affirmatively prove that they fell
below the professional norm of reasonableness. 
See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). The reviewing court will not find ineffectiveness by isolating any
portion of trial counsel’s representation, but will judge the claim based on
the totality of the representation.  See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.

            To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez v. State,
988 S.W.2d 770, 772 (Tex. Crim. App. 1999). 
To establish prejudice, an appellant must prove that but for counsel's
deficient performance, there is a reasonable probability that the result of the
proceeding would have been different.  See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

            A
“reasonable probability” was defined by the Supreme Court as a “probability
sufficient to undermine confidence in the outcome.”  Id.  Counsel is strongly presumed to have rendered
adequate assistance and to have made all significant decisions in the exercise
of reasonable professional judgment.  See
Hernandez, 726 S.W.2d at 55. 
The burden is on the appellant to overcome that presumption.  See Burruss v. State, 20 S.W.3d
179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  The appellant must show specific acts or
omissions that constitute ineffective assistance and affirmatively prove that
those acts fall below the professional norm for reasonableness. Id.  

            After
proving error, the appellant must affirmatively prove prejudice.  Id.  The appellant must prove that his attorney's
errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. 
Id.  It is not
enough for the appellant to show that the errors had some conceivable effect on
the outcome of the proceedings.  Id.  He must show that there is a
reasonable probability that, but for his attorney’s errors, the outcome would
have been different.  See id. 

            In
the case at hand, Appellant argues at length as to why his trial counsel’s
actions fell below the professional norm. 
However, even assuming arguendo that the actions of Appellant’s
trial counsel, as urged by Appellant in his brief, satisfied the first prong of
the Strickland test, Appellant must still affirmatively prove
prejudice.  See Burruss, 20
S.W.3d at 186.  It is not enough for the
appellant to merely show that the errors had some conceivable effect on the
outcome of the proceedings.  Id.  

            Appellant
cites Brown v. State, 974 S.W.2d 289, 295 (Tex. App.–San Antonio
1998, pet. ref’d) in support of the proposition that when a jury hears damaging
evidence concerning prejudicial extraneous offenses, it should undermine a
court’s confidence in the result because it is impossible to know whether it
based its verdict upon such inadmissible evidence.  However, we note that Appellant makes no
argument that such offenses were inadmissible. 
Moreover, as Appellant states in his brief, the State admitted evidence
of at least three other extraneous offenses for which Appellant was convicted.  

            We
iterate that the burden of proof as to this issue rests squarely upon
Appellant.  See Burruss, 20
S.W.3d at 186.  Apart from his reference
to Brown v. State, Appellant has not offered further cogent
argument as to why, but for his trial counsel’s alleged deficiencies, he would
have received a lesser sentence.  Having
considered the evidence of which Appellant complains in conjunction with
evidence of record introduced by the State that supports Appellant’s
punishment, we cannot conclude that, but for the admission of such evidence,
Appellant’s sentence would have been less. 
Thus, we hold that Appellant has not satisfied his burden under the
second prong of the Strickland test.  Appellant’s third and fourth issues are
overruled. 

 

Disposition

            Having overruled Appellant’s first, second, third, and
fourth issues, we affirm the trial court’s judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered September 29, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
After the trial court overruled Appellant’s motion, Appellant stated to the
trial court that his appointed counsel had been appointed on a previous matter
and that he had been confused as to whether the same counsel had been appointed
in the instant cause.  Following further
discussion on the matter, Appellant’s appointed counsel stated that he was
appointed to defend Appellant in the instant case on November 23, 2004 before
Appellant was indicted and by letter dated that same day advised Appellant of
his appointment.  The trial court
expressly recognized the confusion with multiple indicted offenses and multiple
appointments of counsel, noting specifically that it did not appear that
Appellant’s counsel was, in fact, appointed to represent Appellant in the
instant cause. Nonetheless, the court further noted that all parties had
apparently proceeded with the understanding that Appellant’s appointed counsel
was representing him in the matter at hand inasmuch as counsel had represented
Appellant during pretrial proceedings without objection.  The trial court further stated that Appellant
had failed to make a formal motion concerning the matter until 9:15 a.m. on the
date of trial when jury selection had been scheduled to begin at 9:00 a.m.  Appellant’s counsel thereafter reurged his
oral motion for continuance, which the trial court denied.